UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL WOOLEN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TOM FELKER,<br><br>　　　　Respondent. | Case No. CV 07-08161 GW (AN)<br><br>**ORDER DENYING MOTION REQUESTING EQUITABLE TOLLING AND ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

On December 14, 2007, Michael Woolen ("Petitioner"), a state prisoner proceeding *pro se*, commenced the pending action for federal habeas review pursuant to 28 U.S.C. § 2254 ("Petition") by constructively[1] filing his pending Petition. (Pet.

---

[1] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro*
(continued...)

Page 1

1  8.) The Petition raises three claims challenging attempted murder-related convictions and life to twenty-five years to life prison sentence that Petitioner sustained on January 24, 2004, following a jury trial in the California Superior Court for the County of Los Angeles (case no. TA070163). (Pet. 2; Official records of California courts.[2/])

The Petition and state court records establish that, on February 24, 2004, Petitioner appealed his judgment of conviction to the California Court of Appeal (case no. B173587) and that court affirmed the judgment on January 31, 2005. (Pet. 2-3; Official records of California courts.) On March 14, 2005, the California Supreme Court received a petition for review (case no. S132152) that was denied without comment on April 20, 2005. (Pet. 3; Official records of California courts.) Petitioner did not seek collateral review in the state courts. (Pet. 3; Official records of California courts.) On December 14, 2007, Petitioner constructively filed his pending Petition along with a Motion Requesting Equitable Tolling ("Motion"). (Pet. 8; Mot. Requesting Equitable Tolling.)

For the reasons discussed below, the Motion is DENIED and Petitioner is ordered to show cause why the pending Petition should not be dismissed with prejudice because it is time-barred.

///
///
///

---

[1/]  (...continued) *se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was signed by Petitioner and filed by the Clerk on December 14, 2007. (Pet. 8.)

[2/]  The Court takes judicial notice of Petitioner's records in the state trial and appellate courts, which are available on the Internet at http://lasuperiorcourt.org and http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Rule 4"), states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the prisoner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As discussed above, Petitioner's direct appeal in the state courts ended on April 20, 2005, the date the California Supreme Court denied his petition for review. Petitioner did not seek review with the United States Supreme Court. For purposes of AEDPA's limitation period, his judgment of conviction became final ninety days later, on July 19, 2005. *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S. Ct. 3383 (1983); *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (the period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court). AEDPA's one-year limitation period then started to run the next day, on July 20, 2005, and ended on

July 19, 2006. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the statute of limitations begins to run on the day following the day of the triggering event pursuant to Federal Rule of Civil Procedure 6(a)).

Petitioner missed this deadline by failing to constructively file the pending Petition until December 14, 2007-- 513 days (over sixteen months) after the statute expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling, or an alternate start date to AEDPA's limitation period under 28 U.S.C. § 2244(d)(1).

## C. Statutory Tolling

AEDPA's one-year limitation period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner did not seek collateral review in the state courts so he is not eligible to receive statutory tolling. Therefore, this Court concludes this Petition, constructively filed on December 14, 2007, is untimely by 513 days.[3]

## D. Alternative Start of the Statute of Limitations

### 1. State-Created Impediment

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002).

---

[3] Specifically, the 513 days represents the untolled time beyond the limitation deadline (July 19, 2006), and the Petition's constructive filing date (December 14, 2007).

Page 4

1  The face of the Petition and attached Memorandum of Points and Authorities ("Memorandum") do not set forth any facts showing that Petitioner is entitled to relief under this provision.

### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(c). The face of the Petition and Memorandum do not set forth any facts showing that Petitioner is entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition and Memorandum do not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

### E. Equitable Tolling

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005).

By way of his Motion, Petitioner principally proffers three grounds for equitable tolling. As the ensuing analysis demonstrates, none of Petitioner's asserted grounds satisfy the *Pace* elements for equitable tolling.

///

### 1. Mental Disability Claim

Petitioner alleges he should be entitled to equitable tolling because of his mental illness. (Mot. 1, 3-5.) In support of his contention, Petitioner has attached numerous medical records (likely every medical exam he has had since he was incarcerated) indicating he suffers from depression and bipolar disorder. (Mot. Ex. A at 1, 4, 5, 17.[4]) However, none of the mental disorders he claims to have suffered from establish that they prevented him from filing a timely Petition. Moreover, mental disabilities alone do not warrant equitable tolling where other evidence shows the petitioner could still have filed a timely petition. *See Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (petitioner was not entitled to equitable tolling based upon physical and mental disabilities since he prepared and filed a state habeas petition while suffering from the alleged disabilities). Since his conviction in January 2004, Petitioner's own exhibits and actions establish he not only filed two state habeas petitions during the course of his purported mental disorders but he also maintained constant communication with his mother regarding his appeals, wrote letters to his attorney and prison authorities, tracked down his legal file and sleuthed out any alleged missing documents. (Mot. Ex. A at 21-22, 36-38; Official records of California courts.) Petitioner has quite simply failed to show the slightest causal link between the alleged mental disabilities and his failure to file a federal habeas petition at any time during the nearly five years since his conviction. *See Allen v. Lewis,* 255 F.3d 798, 800-01 (9th Cir. 2001), *amended on other grounds by Allen v. Lewis,* 295 F.3d 1046 (9th Cir.2002) (en banc) ("the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness.").

In an apparent effort to circumvent this obvious problem, Petitioner asserts his

---

[4]  Petitioner failed to designate and consecutively number each page of the exhibit in the manner required by Local Rules 11-3.3 and 11.5.2. Consequently, for ease of reference, the Court has designated Petitioner's attachment to the Motion entitled "Exhibits" as "Exhibit A" and consecutively numbered each page.

Page 6

mother, fellow inmate (former step-father), and the Library Technical Assistant helped him file the pending Petition. (Mot. Ex. A at 36-38.) This argument is unpersuasive. Regardless of *how* Petitioner managed to file two state habeas petitions, write letters, and investigate his case, the fact is he accomplished these things. He has failed to explain why his mother, fellow inmate, and the prison librarian assistant who ostensibly provided valuable aid to him could not have done so while the statute of limitations was running instead of sixteen months after it expired. *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (mental condition of *pro se* prisoner and reliance upon allegedly incompetent jailhouse lawyers did not constitute "cause"). Petitioner has failed to show that his alleged mental disabilities amounted to extraordinary circumstances beyond his control, making it *impossible* to file a petition on time. *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005).

### 2. Inadequate Law Library Claim

Petitioner also claims equitable tolling is warranted because of restrictions on meaningful law library access in violation of his due process rights. (Mot. 2, 5-6.) The Court notes that such restrictions do not generally qualify as an "extraordinary circumstance" sufficient to equitably toll the statute of limitations for federal habeas petitions. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (petitioner's alleged lack of access to law library materials and resulting unawareness of the limitation period until it was too late did not warrant equitable tolling); *Wilders v. Runnels*, No. C031478 CRB (PR), 2003 WL 22434102, *3 (N.D. Cal. 2003); *Atkins v. Harris*, No. C 98-3188 MJJ (PR), 1999 WL 13719, *2 (N.D. Cal. 1999).

Prison officials typically provide prison law libraries or legal assistants to ensure that prisoners "have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Lewis v. Casey*, 518 U.S. 343, 356, 116 S.Ct. 2174 (1996). However, prison officials of necessity must regulate the time, manner and place in which library facilities and legal assistant programs are used. *See Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985).

1   Not surprisingly, lockdowns, placement in administrative segregation/solitary
2   confinement, and other common restrictions on access to the law library and legal
3   assistant programs, generally do not qualify as "extraordinary circumstances." *Lindo*
4   *v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002). There is no due process
5   violation so long as an inmate has the basic capability of presenting his claims to the
6   courts, irrespective of the "capability of turning pages in a law library." *Lewis*, 518
7   U.S. at 356-57.

8   Petitioner's inadequate law library claim is facially without merit. Aside from
9   his perfunctory, unsupported allegations, he has not shown that he was actually denied
10  access to the law library or why he needed library access to file a timely federal habeas
11  petition. Petitioner's inadequate law library claim fundamentally ignores the clearly
12  established premise that "prison law libraries and legal assistance programs are not
13  ends in themselves, but only the means for ensuring a reasonably adequate opportunity
14  to present claimed violations of fundamental constitutional rights to the courts." *Lewis*,
15  518 U.S. at 351. "[M]eaningful access to the courts is the touchstone . . . and the
16  inmate therefore must go one step further and demonstrate that the alleged
17  shortcomings in the library or legal assistance program hindered [his] efforts to pursue
18  a legal claim." *Id*.

19  Further, even if Petitioner had shown he was denied access to the law library at
20  various times and for various reasons during the relevant period, as noted above, he has
21  failed to meet his burden of establishing the alleged limited access made timely
22  *impossible*. *Brambles*, 412 F.3d 1066, 1069 (9th Cir. 2005).

23  **3.     Lack of Legal Training, Representation, and/or Education Claims**

24  Petitioner's grounds for equitable tolling is also based on his lack of legal
25  training, lack of legal representation, and/or general lack of education. The Court
26  rejects such contention. (Mot. 1.) Neither the lack of assistance nor ignorance of the
27  law qualify as extraordinary circumstances warranting equitable tolling. *See Rasberry*
28  *v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal

1 sophistication is not, by itself, an extraordinary circumstance warranting equitable
2 tolling" of AEDPA's limitation period); *Ekenberg v. Lewis*, No. C 98-1450 FMS (PR),
3 1999 WL 13720, *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal
4 assistance do not constitute such extraordinary circumstances."); *Bolds v. Newland*,
5 No. C 97-2103 VRW (PR), 1997 WL 732529, *2 (N.D. Cal. Nov. 12, 1997) (same);
6 *see also Hinton v. Pac. Enter.*, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of
7 the law generally is an insufficient basis to equitably toll the running of an applicable
8 statute of limitations); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.
9 1991) (neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity
10 with the legal process," nor "lack of representation during the applicable filing period,"
11 nor "illiteracy," provides a basis for equitable tolling); *cf. Hughes v. Idaho State Bd.*
12 *of Corr.*, 800 F.2d 905, 909 (9th Cir.1986) (holding pre-AEDPA that illiteracy of pro
13 se prisoner is insufficient to meet standard of an objective, external factor amounting
14 to "cause" for purposes of avoiding procedural bar on habeas claims).

15      Accordingly, in light of the foregoing, Petitioner is not entitled to equitable
16 tolling because he has failed to satisfy either of the *Pace* elements. Petitioner has not
17 met his burden to show he was reasonably diligent in pursuing federal habeas relief
18 throughout the time that AEDPA's limitation period was running, nor has he shown
19 he was prevented from filing a timely petition because of extraordinary circumstances.

20 **O R D E R**

21      Based upon the foregoing, the Court finds the Petition, Memorandum, and
22 Motion indicate it is untimely. Accordingly, the Motion is DENIED and Petitioner
23 shall have until **January 31, 2008**, to file a written response and show cause why his
24 Petition should not be dismissed with prejudice because it is time-barred. In
25 responding to this Order, Petitioner must show by declaration and any exhibits what,
26 if any, factual or legal basis he has for claiming that the Court's foregoing analysis is
27 factually or legally incorrect, or that AEDPA's one-year statute of limitations should
28 be tolled, or the start date extended. If Petitioner still maintains he is entitled to tolling

because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that, if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: January 9, 2008        /s/     ARTHUR NAKAZATO
                              ARTHUR NAKAZATO
                              UNITED STATES MAGISTRATE JUDGE